UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

v.                                CASE NO. 09-14936
                                 HONORABLE NANCY G. EDMUNDS
NICK LUDWICK,

        Respondent.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Petitioner Derrick Lee Smith has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's 2008 kidnaping conviction and sentence of 22-1/2 to 75 years. Petitioner alleges that he has not appealed his conviction because he cannot obtain the necessary transcripts. He filed his habeas petition on December 21, 2009. The issue reads:

> Is Petitioner entitled to have the court clerk prepare and provide Petitioner with a copy of his entire court transcripts when the transcripts are necessary to effectively filing an appeal and presenting arguments to the state and federal courts?

Pet. at unnumbered pages 2 - 3.

### II. Discussion

#### A. Exhaustion of State Remedies

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising those claims in a federal habeas corpus petition.

*See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state supreme court, when that review is part of the state's ordinary appellate review procedure. *O'Sullivan*, 526 U.S. at 845, 847. This means that the habeas petitioner must present the issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "Although the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim," *id.* at 415, and the petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### B.  Application

Petitioner does not appear to have exhausted state remedies for his claim about the lack of a copy of the transcripts. He alleges that he filed an unsuccessful motion for production of transcripts pursuant to Michigan Court Rule 6.433, but he has not shown that he appealed the denial of his motion to the Michigan Court of Appeals and to the Michigan Supreme Court.

Furthermore, Petitioner concedes that he has not exhausted state remedies for a challenge to his conviction, and a review of state court records reveals that Petitioner's appeal from his conviction is pending in the Michigan Court of Appeals. *See People v. Smith*, No. 294843 (Mich. Ct. App. 2009). Petitioner claims that he would like to file a

supplemental brief on appeal and that he cannot file a *pro se* brief because he has no access to the trial court transcript. He has asked this Court to (1) extend the state court deadline for filing an application for leave to appeal in the Michigan Court of Appeals, (2) provide him a copy of the trial court record, and (3) review the trial court's denial of his request for transcripts.

To the extent that Petitioner is seeking a writ of mandamus, he is not entitled to the relief requested because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tenn*, 421 F.2d 1384, 1386 (6th Cir. 1970). Moreover, because Petitioner is represented by counsel on appeal, he has no constitutional right to a personal copy of the transcript. *Hooks v. Roberts,* 480 F.2d 1196, 1198 (5th Cir. 1973); *Gay v. Watkins,* 579 F. Supp. 1019, 1021 (E.D. Pa. 1984). He also has no constitutional right to his attorney's copy of the transcript, *Morin v. United States*, 522 F.2d 8, 9 (4th Cir.1975), "'merely to comb the record in the hope of discovering some flaw.'" *United States v. Ilodi*, 982 F. Supp. 1046, 1048 -49 (D. Md. 1997) (quoting *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963)).

### III.  Conclusion

Petitioner has failed to satisfy the exhaustion requirement for his claim about his lack of a transcript and for any substantive challenges to his conviction. Consequently, the habeas corpus petition is **DISMISSED** without prejudice. The Court declines to issue a certificate of appealability because reasonable jurists would not "find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If

Petitioner nevertheless chooses to appeal this decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).


                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated:  January 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2010, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager